**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Steven D. KIDERLEN,
Defendant/Appellant.**

**No. ED 87814.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 20, 2007.

Matthew Michael Ward, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter; Assistant Attorney General Jefferson City, MO, for Respondent.

Before CLIFFORD. H. AHRENS, P.J., and MARY K. HOFF, J., and NANNETTE A. BAKER, J.

### ORDER

PER CURIAM.

Steven Kiderlen (Defendant) appeals from the trial court's judgment and sentence imposed after Defendant was found guilty of one count of distribution of a controlled substance, less than five grams of marijuana[1], a class C felony, in violation of Section 195.211.[2] After finding beyond a reasonable doubt that Defendant was a prior and persistent offender subject to an extended term of imprisonment, the trial court sentenced Defendant, pursuant to Sections 558.011 and 558.016, to a term of five years. This appeal follows.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would have no jurisprudential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 30.25(b).

1. The State originally charged Defendant with the class B felony of distribution of a controlled substance, marijuana more than five grams. The jury returned a verdict finding Defendant guilty as charged. At sentencing, however, the trial court amended the jury's verdict and found Defendant guilty of the lesser-included offense of distribution of a controlled substance, marijuana less than five grams, a class C felony. The record indicates that the trial court properly sentenced Defendant to an extended term of imprisonment in accord with his conviction of the lesser-included offense and his status as a prior and persistent offender.

2. All statutory references are to RSMo 2003 Cum.Supp., unless otherwise indicated.